UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| James Todd and Raphaela Todd, | Case No.: 2:22-cv-02145-JAD-DJA |
| Plaintiffs | |
| v. | **Order Remanding Case** |
| United States Liability Insurance Company, et al., | [ECF Nos. 16, 19, 20] |
| Defendants | |

This case arises from a dog adoption gone wrong and an insurer's refusal to cover injuries caused by the adopted pet. Plaintiffs James and Raphaela Todd adopted Chip from animal-rescue agency A Home 4 Spot (Home),[1] and not long after, Chip bit and injured both Todds.[2] After the Todds learned that Home knew about Chip's dangerous tendencies before the adoption,[3] they sued the agency in a separate case.[4] Home looked to its insurer United States Liability Insurance Company (USLIC) to defend and indemnify it, but USLIC disclaimed coverage, relying on insurance-policy exclusions for injuries caused by dogs of certain breeds and incidents involving an animal outside of Home's control.[5] So Home settled with the Todds and, as part of the settlement agreement, assigned them its claims arising from USLIC's refusal to defend and indemnify.[6]

---

[1] ECF No. 14 at ¶ 21 (amended complaint).
[2] *Id.* at ¶¶ 34–36.
[3] *Id.* at ¶¶ 41–49.
[4] *Id.* at ¶ 51.
[5] *Id.* at ¶ 52; ECF No. 16 at 3 (remand motion).
[6] ECF No. 14 at ¶ 59.

The Todds then filed this suit in state court against USLIC, insurance agent Dennis Dorn, his company Dorn Insurance Services, brokerage firm Breckenridge Insurance Services, LLC, and numerous Doe individuals and Roe corporations.[7]  Relevant here, the Todds bring four causes of action against Dorn Insurance and Dennis Dorn, including professional negligence and breach of contract, alleging that the Dorn defendants were professionally negligent and breached their contract with Home by "failing to procure all requested lines of insurance and by failing to otherwise notify [Home] of their inability to do so."[8]

USLIC removed this case to federal court on the basis of diversity jurisdiction,[9] and the Todds now move to remand.[10]  Though USLIC recognizes that plaintiffs and the Dorn defendants are citizens of Nevada—which would typically destroy diversity jurisdiction—it argues that the Dorn defendants are fraudulently joined and so do not need to be considered for subject-matter-jurisdiction purposes.[11]  It also contends that all four claims against the Dorn defendants are truly ones for professional negligence and, because the Todds filed this case more than four years after USLIC disclaimed coverage, those claims are barred by the relevant two-year statute of limitations.[12]  Because I find that USLIC does not meet its burden to show that the breach-of-contract claim sounds in professional negligence under settled principles of Nevada law, I grant the Todds' motion and remand this case back to state court.

---

[7] *Id.* at 1.
[8] *Id.* at ¶¶ 95–137.
[9] ECF No. 1 at 3 (notice of removal).
[10] ECF No. 16.
[11] ECF No. 24 at 2.
[12] *Id.* at 3–5, 6–8.

**Discussion**

**I.      Remand is proper unless there is no doubt as to the defendants' right to remove this case.**

28 U.S.C. § 1441(a) authorizes defendants to remove to federal court "any civil action brought in a [s]tate court of which the [U.S. District Courts] have original jurisdiction . . . ." But "[f]ederal courts are courts of limited jurisdiction,"[13] so defendants seeking removal jurisdiction "always have the burden of establishing that removal is proper."[14] This is a heavy burden to carry because there is a "strong presumption against removal jurisdiction[,]" the removal statute is "strictly construe[d] against removal jurisdiction[,]" and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[15]

**II.     Remand is proper because the defendants have not met their burden to show that the Dorn defendants are fraudulently joined.**

Though the Todds and the Dorn defendants are Nevada residents—a fact that would typically require remand[16]—the defendants contend that the Dorns were fraudulently joined. Fraudulent joinder is a term of art.[17] It typically "involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives."[18] "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the

---

[13] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[14] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

[15] *Id.*

[16] *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) ("Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant.").

[17] *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

[18] *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

3

settled rules of the state, the joinder of the resident defendant is fraudulent" and its citizenship must be disregarded.[19]  "But 'if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."[20]

### A. The defendants fail to show that there is no possibility that a Nevada court would apply a six-year statute of limitations to the Todds' contract claim.

USLIC contends that all four causes of action against the Dorns are time barred by Nevada's two-year statute of limitations for professional-negligence claims because the Todds "filed the original [c]omplaint . . . more than four years after USLIC issued its first disclaimer."[21] Though contract claims like the Todds' may ordinarily be initiated up to six years after a breach,[22] USLIC argues that Nevada's so-called "gravamen rule" requires the court to treat all of the Todds' claims as a professional-negligence claim and apply a two-year deadline.[23]  It urges that, because their claims "arise from [their] professional relationship with [Home] and the Dorn [d]efendants' alleged failure to procure an insurance policy that would have covered the incident," the "gravamen" of those claims "sound[s] in professional negligence."[24]  To support

---

[19] *McCabe*, 811 F.2d at 1339.

[20] *Grancare,* 889 F.3d at 548 (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)) (emphasis in original).

[21] ECF No. 24 at 4–5.

[22] Nev. Rev. Stat. § 11.190(1)(b).

[23] ECF No. 24 at 6–8.

[24] *Id.* at 6–7.

4

its argument,[25] USLIC primarily relies on two Supreme Court of Nevada cases, *Stalk v. Mushkin*[26] and *Perry v. Terrible Herbst, Inc.*[27]

In *Stalk*, the plaintiffs brought a claim for breach of fiduciary duty against their attorney for "disclosing information harmful to their interests" while representing another client with conflicting interests.[28] The Court held that the claim was tantamount to a legal-malpractice claim and so applied the statute of limitations for legal malpractice, reasoning that the "breach of fiduciary duty claim is, in essence, a legal[-]malpractice claim, since it is grounded on allegations that [counsel] breached certain duties, namely, confidentiality and loyalty, that would not exist but for the attorney-client relationship."[29] It relied on the rule of professional conduct that imposes a duty of loyalty on lawyers and explained that "the duty of loyalty is based in the contractual relationship between attorney and client."[30] It also relied on the text of the statute of limitations, which prescribes time limits for "[a]n action against an attorney to recover damages . . . *whether based on a breach of duty or contract*."[31]

In *Perry*, Nevada's High Court considered which statute of limitations applies to actions under the Nevada Constitution's Minimum Wage Amendment—the two years for *statutory* minimum-wage violations or the catchall four-year period for claims that don't otherwise have a limitations period.[32] The Court recognized that "[t]he nature of the claim, not its label,

---

[25] ECF No. 24 at 7.
[26] *Stalk v. Mushkin*, 199 P.3d 838 (Nev. 2009).
[27] *Perry v. Terrible Herbst, Inc.*, 383 P.3d 257 (Nev. 2016).
[28] *Stalk*, 199 P.3d at 843.
[29] *Id.*
[30] *Id.*
[31] *Id.* (citing Nev. Rev. Stat. § 11.207) (emphasis added by the *Stalk* court).
[32] *Perry*, 383 P.3d at 259.

determines what statute of limitations applies," and because the amendment itself specified no limitations period, the court had to "look to analogous causes of action."[33]  In light of those principles, the Court settled on the two-year period, explaining that, "[t]hough asserted directly under the [Minimum Wage Amendment], Perry's claim for relief closely resembles . . . an action . . . under" the minimum-wage statute.[34]

While these cases reflect the gravamen rule at work, they do not show that Nevada treats contract claims against insurance agents as professional-negligence claims.  The question in *Stalk* was whether a claim for breach of fiduciary duty against an attorney—not a contract claim against an insurance agent—was truly a malpractice claim.[35]  To be sure, the *Stalk* court recognized that contract claims and fiduciary-duty claims against attorneys sound in malpractice, but its conclusion relied on the existence of a professional code of conduct that imposes duties on lawyers and a statute of limitations that explicitly contemplates that legal malpractice claims could be "*based on a breach of duty or contract.*"[36]  USLIC points to no similar conduct code or statute of limitations for insurance agents.  And whereas the *Perry* court had to search for an "analogous cause[] of action" because the constitutional provision underlying the claim specified no limitation period,[37] no such search is required here: Nevada's near-comprehensive statute of limitations includes filing-time requirements for "action[s] upon a contract."[38]  So, because the Todds allege that the Dorn defendants' duty to secure the appropriate insurance arose from a

---

[33] *Id.* at 260.

[34] *Id.*

[35] *Stalk*, 199 P.3d at 842.

[36] *Id.* at 843 (citing Nev. Rev. Stat. § 11.207) (emphasis added by the *Stalk* court).

[37] *Perry*, 383 P.3d at 260.

[38] Nev. Rev. Stat. § 11.190(1)(b).

6

contract and USLIC identifies no settled Nevada rule that the gravamen of that type of claim against an insurance agent is professional negligence, I find that there is at least a possibility that a Nevada court would apply the six-year statute of limitations to the Todds' contract claim. The timing of their claims thus does not render the Dorn defendants fraudulently joined.

### B.   No settled rule in Nevada compels the conclusion that the claims against the Dorn defendants are premature.

The Dorn defendants alternatively argue that the court should ignore their citizenship for purposes of subject-matter jurisdiction because the claims against them "are wholly premature."[39] They contend that those "claims would obviously be contingent . . . upon a final determination that . . . [Home] was entitled to indemnity and a defense" in connection with the claims against USLIC.[40] But they point to no Nevada authority for the proposition that a plaintiff cannot pursue a breach-of-contract claim against an insurance agent and coverage claims against an insurer simultaneously. Rather, they cite three decisions from District of Florida courts that rely on a Supreme Court of Florida case for the proposition that claims against agents must yield to those against insurers.[41] While that may be the law in Florida, the defendants identify no similar settled rule in Nevada, so I find that USLIC has not demonstrated that the Dorn defendants are fraudulently joined, and I grant the motion to remand.[42]

---

[39] ECF No. 26 at 9–10. The Dorn defendants filed a separate opposition from USLIC's response.

[40] *Id.* at 10.

[41] *Id.* (citing *Parkview Point Condo. Ass'n, Inc. v. Arch Specialty Ins. Co.*, 2020 WL 6134270 (S.D. Fla. Mar. 26, 2020); *Ironshore Indem., Inc. v. Banyon 1030-32, LLC*, 2013 WL 4711155 (S.D. Fla. Aug. 30, 2013); *Thomas Mach., Inc. v. Everest Nat'l Ins. Co.*, 2020 WL 2616193 (S.D. Fla. May 22, 2020) (all relying on *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061 (Fla. 2001))).

[42] USLIC separately offers Supreme Court of Nevada and Ninth Circuit authority for the propositions that "professional[-]malpractice claims do not accrue until the existence and full extent of the plaintiff's alleged damages are finally adjudicated" and "indemnity claims in

**Conclusion**

IT IS THEREFORE ORDERED that the plaintiffs' motion to remand **[ECF No. 16] is GRANTED**.

IT IS FURTHER ORDERED that the defendants' pending motions **[ECF Nos. 19, 20] are DENIED** without prejudice as moot.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **REMAND this action back to the Eighth Judicial District Court for Clark County, Nevada, Department 5, Case No. A-22-860946-C**, and **CLOSE THIS CASE**.

                                          _____
                                                U.S. District Judge Jennifer A. Dorsey
                                                                         June 7, 2023

---

general do not accrue until the party seeking indemnity has been held liable and made payment." ECF No. 24 at 5.  But it makes that argument only as to the professional-negligence claim (not the contract claim specifically), and I rejected its argument that the Todds' other claims must be treated as professional-negligence claims under Nevada law.  Regardless, those cases do not involve breach-of-contract claims against an insurance agent and are thus inapposite.